NOT DESIGNATED FOR PUBLICATION

Nos. 122,725
122,726

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER J. ROMANS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 25, 2021. Reversed and remanded for further proceedings.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., BRUNS, J., and STEVE LEBEN, Court of Appeals Judge Retired, assigned.

PER CURIAM: Tyler J. Romans appeals from the imposition of his underlying prison sentence following the revocation of his probation. Among other things, Romans contends that the State failed to provide him with adequate notice prior to the probation revocation hearing that it was alleging he absconded from probation. Based on our review of the arrest warrant, we agree that it fails to provide adequate notice of the State's claim that Romans was an absconder. Thus, we reverse the district court's probation revocation order and remand this matter for further proceedings consistent with this opinion.

FACTS

On April 5, 2019, Romans pled guilty to one count of aggravated assault in Sedgwick County Case no. 18-CR-2172. On that same date, Romans also pled guilty to one count of possession of methamphetamine in Sedgwick County Case no. 18-CR-3337. Both pleas were entered as part of a plea agreement in which the State agreed to dismiss three additional charges in Case No. 18-CR-3337 and to recommend to the district court that Romans be placed on probation. The district court followed the recommendation in the plea agreement and placed Romans on probation after imposing and suspending an underlying 57-month prison sentence.

A few months later, an arrest warrant was issued alleging that Romans had violated the terms of his probation by: (1) failing to pay costs; (2) failing to refrain from using illegal substances and testing positive for marijuana on one occasion and methamphetamine on two occasions in August 2019; (3) failing to remain in Kansas; (4) failing to gain and maintain employment; (5) failing to report on October 2, 2019; (6) failing to follow drug/alcohol recommendations; and (7) failing to obtain his GED.

At an evidentiary hearing held on February 25, 2020, the district court heard testimony from both Romans and his Intensive Supervising Officer (ISO). The ISO testified that Romans had tested positive for illegal substances on two occasions in August 2019. The ISO testified that Romans violated the terms of his probation in various ways. In particular, the ISO testified that instead of reporting in person as directed on October 2, 2019, Romans called on the telephone.

The ISO testified that Romans indicated that he was calling from Alabama and that he was on his way to Florida. Specifically, the ISO testified: "[Romans] said that he made the decision to just go ahead and move down to Florida, where his dad was living, even though we were in the process of trying to get him transferred through interstate

compact." During his testimony, Romans admitted that he had indeed told the ISO that he was calling her from out of the state but claimed that he had not actually left Kansas. Instead, Romans testified that he was "high" and "scared" when he called the ISO so he "made up a story" about being in Alabama on his way to Florida.

After hearing the testimony, the district court found that Romans had violated the terms of his probation and turned to the question of sanctions. The district court ruled that it was appropriate to bypass intermediate sanctions under these circumstances because Romans had absconded from probation. Accordingly, the district court ordered Romans to serve his underlying sentence.

ANALYSIS

The issue presented on appeal is whether the district court erred by ordering Romans to serve his underlying prison sentence without first imposing intermediate sanctions. It is undisputed that at the time of Romans' probation revocation hearing, the district court was generally required to impose intermediate sanctions upon a first violation of the conditions of probation. See K.S.A. 2018 Supp. 22-3716(c). It is also undisputed that a district court could bypass the imposition of intermediate sanctions under K.S.A. 2018 Supp. 22-3716(c)(8)(B) if it finds that the defendant absconded from supervision while on probation.

Romans argues that the State failed to provide him with adequate notice in the arrest warrant that it was alleging that he had absconded from probation. In response, the State argues that the language of the warrant was sufficient to put Romans on notice. Whether the State adequately complied with due process requirements and put Romans on notice that it was alleging he had absconded from probation is a question of law over which we have unlimited review. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). At a minimum, a probationer is entitled to due process rights including written

notice of the claimed probation violations and disclosure of the evidence against the probationer. 303 Kan. at 582.

Romans does not cite to a Kansas statute that requires the State to use the term "abscond" or "absconder" in a warrant alleging a probation violation. Instead, he cites *State v. Huckey*, 51 Kan. App. 2d 451, 348 P.3d 997 (2015). In *Huckey*, a panel of this court found that merely asserting in a warrant that a probationer had failed to report for two months was not adequate notice of an allegation of absconding. 51 Kan. App. 2d at 458. In reaching this conclusion, the panel looked to *State v. Raiburn*, 289 Kan. 319, 331-33, 212 P.3d 1029 (2009)—a case addressing the fugitive disentitlement doctrine—for guidance.

In *Raiburn*, the Kansas Supreme Court similarly found that the State had failed to sufficiently allege that the defendant was a fugitive because the record showed "only an allegation . . . that he has failed to report as required." 289 Kan. at 331. The *Raiburn* court concluded that "something more than a mere allegation by the State . . . that the defendant has failed to report to his probation officer is necessary to invoke the fugitive disentitlement doctrine." 289 Kan. at 332. Like our colleagues in *Huckey*, we find this also to be true when the State alleges in a warrant that a probationer has absconded from probation.

In his brief, Romans purportedly quotes *Huckey* as holding that the State "must *formally allege* that the probationer absconded before an evidentiary hearing is held, thus providing notice of the claim." (Emphasis added.) It is important to recognize that this quote does not appear in *Huckey* or in any other Kansas case that we can find. In fact, we find no requirement in Kansas statutes or caselaw that the State must use specific words in a warrant to place a probationer on notice that it is alleging that he or she has absconded. Rather, the caselaw provides that the State must include sufficient

4

information to place the probationer on notice that the State is alleging that he or she has absconded from probation. 51 Kan. App.2d at 457.

Undoubtedly, the allegations in the warrant served on Romans were more detailed than those in *Raiburn* and *Huckey*—where the State simply alleged that the defendant had failed to report to his probation officer. Here, the warrant alleged that Romans was required to abide by the rules and regulations of the Community Corrections program, which included a requirement to obtain "written permission from his ISO before leaving the State of Kansas." The warrant also indicated that Romans had violated his probation by failing to remain in Kansas. In addition, the warrant referred to the phone call Romans made to his ISO on October 2, 2019, in which he told her that he was calling from Alabama on his way to Florida to live with his father.

Nevertheless, as the *Huckey* panel recognized, the term "abscond" has a specific legal meaning. It means "[T]o depart secretly or suddenly, especially to avoid arrest, prosecution, or service of process." 51 Kan. App. 2d at 455 (quoting Black's Law Dictionary 8 [10th ed. 2014]); see *State v. Dooley*, 308 Kan. 641, 656, 423 P.3d 469 (2018) (defining absconder as one who seeks to "'evade the legal process of a court by hiding within or secretly leaving the jurisdiction'"). Although leaving the State without permission may be a probation violation, it does not—in and of itself—mean that the probationer has absconded as that term is defined by Kansas law. Thus, although it would be best for the State to use some form of the word "abscond" in a warrant alleging a probation violation, at the very least it should contain some allegation of a secret or sudden attempt to avoid the legal process.

Under the circumstances presented, we conclude that the State failed to provide Romans with adequate notice of an allegation of absconding. In light of this conclusion, it is unnecessary for us to reach the question of whether there was sufficient evidence of absconding presented at the probation revocation hearing. We, therefore, reverse the

district court's order revoking Roman's probation and remand this matter for further proceedings consistent with this order.

Reversed and remanded for further proceedings.